## ALFRED AULT v. STATE.

No. A-2428.   Opinion Filed October 30, 1917.

(168 Pac. 58.)

1.  **APPEAL AND ERROR—Verdict—Sufficiency of Evidence.** 'It is the exclusive province of the jury to determine and pass upon the credibility of the testimony, and, if found sufficient to sustain the verdict, the judgment will not be disturbed on account of a conflict of evidence.

2.  **LARCENY—Horse Theft—Sufficiency of Evidence.** In a prosecution for horse theft, the evidence is held to support the verdict, and that no reversible error was committed on the trial.

*Appeal from District Court, Beaver County;*
*W. C. Crow, Judge.*

Alfred Ault was convicted of horse theft, and he appeals. Affirmed.

*J. W. Culwell, A. S. Dickson,* and *Chas. Swindall,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Alfred Ault, was convicted of the theft of a horse, the property of Robert Ridenour, and in accordance with the verdict he was sentenced to imprisonment in the penitentiary at McAlester for the term of one year.

The only question presented by the record is the sufficiency of the evidence to support the verdict and judgment. The evidence for the state was wholly circumstantial. The defendant as a witness in his own behalf testified that on his way from Beaver county, Okla., to his homestead in Baca county, Colo., he bought the horse in question, that he was well acquainted with the horse owned by Robert Ridenour, and that it was not the same horse. Under our system of jurisprudence the jury are the exclusive judges of the facts proved and of the weight to be given to the testimony. Where the evidence for the state is circumstantial, and the circumstances are such as to reasonably justify an inference of guilt, the weight of such testimony is exclusively for the jury. It is only when such evidence obviously does not warrant an inference of guilt that the conviction will be set aside.

We think the verdict of a jury, based upon circumstantial evidence, comes to us as any other verdict. Un-

less we can say the inference of guilt drawn from the evidence is wholly unwarranted, we will not interfere. That we cannot say in this case. We think the evidence abundantly sustains the verdict.

Finding no prejudicial error in the record, the judgment of the district court of Beaver county is affirmed.

ARMSTRONG and MATSON, JJ., concur.